[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10065
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-02059-VMC-TBM

GRAYDON ROGER BOLES,

Plaintiff - Appellant,

C. ROGER BOLES,

Plaintiff,

versus

REBECCA RIVA,
NATHAN A. CARNEY,
ERIC S. KOENIG,
KELLY J. RUOFF,
JOHN B. KENT,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 13, 2014)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Graydon R. Boles, proceeding pro se, appeals the district court's dismissal for failure to state a claim upon which relief can be granted of his 42 U.S.C. § 1983 action, arising out of a debt collection that Boles alleged was unconstitutional. On appeal, Boles restates many of the factual allegations and legal conclusions he asserted in the district court, which we liberally construe as an argument that the district court erred in dismissing his complaint. After careful review, we affirm.

We review a grant of a motion to dismiss for failure to state a claim de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Spain v. Brown & Williamson Tobacco Corp., 363 F.3d 1183, 1187 (11th Cir. 2004). A pleading that states a claim for relief requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In reviewing a motion to dismiss, we must determine whether the pleadings contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2007) (quotations omitted). A claim is facially plausible when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

2

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations, quotations and brackets omitted).  Courts also are not "bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986).

We construe a pro se litigant's pleadings liberally.  Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).  However, "even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Inv. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), overruled on other grounds by Iqbal, 556 U.S. 662.

Section 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law.  42 U.S.C. § 1983.  To prevail on a claim under § 1983, then, "a plaintiff must demonstrate both (1) that the defendant deprived h[im] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law."  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).  Private actors may be deemed to have acted under color of state law, but "[o]nly in rare circumstances."  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  We employ three distinct tests for determining whether a private party acted under color of state law:  (1) the

3

public function test, which asks whether the private actors were performing functions traditionally the exclusive prerogative of the state; (2) the state compulsion test, which applies to situations where the government coerced or significantly encouraged the unconstitutional actions at issue; and (3) the nexus/joint action test, which applies where the state and the private party were joint participants in the common enterprise.  Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003).

Here, the district court did not err in dismissing Boles's complaint for failure to state a claim upon which relief can be granted.  The complaint was procedurally deficient under Rule 8 of the Federal Rules of Civil Procedure, as it consisted of a single unsubstantiated legal conclusion, not a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

Moreover, the complaint did not allege a sufficient factual basis for the court to proceed toward a finding that defendants acted under color of state law.  First, the complaint did not allege that any of the defendants performed functions traditionally the exclusive prerogative of the state, were coerced or significantly encouraged by the government, or joined the government as participants in a common enterprise.  Second, Boles never disputed the defendants' allegations that they were private actors, nor does he dispute on appeal the district court's finding

4

that they were not state actors.  Accordingly, the district court properly dismissed the complaint with prejudice.

**AFFIRMED.**